UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**LINDSEY COLLAZO**, individually and on behalf of others similarly situated,

                Plaintiff,

    v.

**RESURGENT CAPITAL SERVICES L.P.**, and **LVNV FUNDING, LLC**,

                Defendants.
_____

**CLASS ACTION COMPLAINT**

Civ. No.

Trial by Jury is Demanded

Plaintiff, LINDSEY COLLAZO (hereinafter referred to as "PLAINTIFF"), by and through undersigned counsel, individually and on behalf of others similarly situated, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against Defendants, RESURGENT CAPITAL SERVICES, L.P. ("RESURGENT") and LVNV FUNDING, LLC ("LVNV"), and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1. PLAINTIFF brings this action for damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Western District of New York.

## PARTIES

4. PLAINTIFF is a natural person residing in Chili, New York.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5) relating to a credit card used for household purposes.

7. RESURGENT is a limited partnership formed under the laws of Delaware, the principal purpose of whose business is the collection of debts, with a principal place of business at 55 Beattie Place, Suite 110, Greenville, South Carolina, 29601.

8. LVNV is an LLC formed under the laws of Delaware, whose principal business purpose is the collection of debts, with its principal office located at 200 Meeting Street, Suite 206, Charleston, South Carolina, 29401-3187.

9. Upon information and belief, RESURGENT began collecting on PLAINTIFF's account after it had been placed in default.

10. Upon information and belief, LVNV purchased PLAINTIFF's account after it had been placed in default.

11. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another, each DEFENDANT's primary and sole business purpose is the collection of debts, and that each DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

12. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 11 inclusive, above.

13. On or about November 14, 2018, RESURGENT had its initial communication with PLAINTIFF by mailing her a letter, a true and correct copy of which is attached as **Exhibit 1**.

14. This letter does not contain the information contained in 15 U.S.C. § 1692g. *Id.*

15. DEFENDANT thereafter did not provide PLAINTIFF with a written notification containing information contained in 15 U.S.C. § 1692g.

16. This letter also does not state that it is an attempt to collect a debt, and that any information obtained will be used for that purpose.

17. On or about November 30, 2018, RESURGENT had its second communication with PLAINTIFF by mailing her a letter, a true and correct copy of which is attached as **Exhibit 2**.

18. The second letter does not contain a disclosure stating that the communication is from a debt collector.

19. On or about December 17, 2018, the undersigned received two letters from DEFENDANT dated December 13, 2018.

20. Upon information and belief, when sending the November 14, 2018 and November 30, 2018 letters, RESURGENT knew that PLAINTIFF was represented by counsel, and knew PLAINTIFF's counsel's name and contact information.

## CLASS ACTION ALLEGATIONS

21. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 20 inclusive, above.

22. PLAINTIFF brings this claim individually and on behalf of all others similarly situated for the purpose of asserting the claim alleged in this Complaint on a common basis. PLAINTIFF's proposed classes are defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following classes:

    a. Class One: a class consisting of consumers who:

        i. Reside in New York; and

    ii. Within one year prior to the filing of this action;

    iii. Received an initial letter from RESURGENT in substantially the same form as Exhibit 1 attempting to collect a debt allegedly owed to LVNV;

    iv. Where such letter was not returned as undeliverable.

  b. A class consisting of consumers who:

    i. Reside in New York; and

    v. Within one year prior to the filing of this action;

    vi. Received a letter from RESURGENT in substantially the same form as Exhibit 2 attempting to collect a debt allegedly owed to LVNV;

    vii. Where such letter was not returned as undeliverable.

23. PLAINTIFF does not know the exact size or identities of the classes, as DEFENDANTS maintain exclusive control of such information. PLAINTIFF believes that the classes each include between 10,000 and 50,000 individuals whose identities can be readily determined from DEFENDANTS' business records. Therefore, the proposed classes are so numerous that joinder of all members is impracticable.

24. All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

  a. Whether RESURGENT's first letter violated 15 U.S.C. § 1692e(11) by not disclosing that it is an attempt to collect a debt, and that any information obtained will be used for that purpose;

  b. Whether RESURGENT's second letter violated 15 U.S.C. § 1692e(11) by not disclosing that it is a communication from a debt collector;

c. The identities of individuals who received a substantially similar collection letter from RESURGENT;

d. The total number of collection letters that RESURGENT mailed to consumers; and

e. The nature of the relationship between RESURGENT and LVNV.

25. PLAINTIFF's claims are typical of the claims of the class and do not conflict with the interests of any other class members. PLAINTIFF and the members of the classes were uniformly subjected to the same conduct.

26. Upon information and belief, RESURGENT has a practice and policy of sending misleading collection letters to consumers.

27. Upon information and belief, there exists a principal-agent relationship between LVNV and RESURGENT, respectively.

28. PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm, DOUGLAS FIRM, P.C., focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel, Alexander J. Douglas, has substantial experience bringing FDCPA claims.

29. PLAINTIFF is committed to vigorously pursuing her claims.

30. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k. The members of the class are generally unsophisticated consumers whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of

inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

31. A class action regarding the issues in this case does not create any problems of manageability.

32. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM FOR RELIEF**

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e(11)
BROUGHT BY PLAINTIFF INDIVIDUALLY
AND ON BEHALF OF CLASS ONE**

33. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 32 inclusive, above.

34. In its initial communication with a consumer, a debt collector must state "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."  15 U.S.C. § 1692e(11).

35. On or about November 14, 2018, DEFENDANT had its initial communication with PLAINTIFF by mailing her a letter.  Ex. 1.

36. This letter does not state that it is an attempt to collect a debt, and that any information obtained will be used for that purpose.

37. By neglecting to disclose these pieces of information, RESURGENT violated 15 U.S.C. § 1692e(11).

38. As a result of the FDCPA violations by RESURGENT, PLAINTIFF is entitled to an award of statutory damages.

6

39. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

40. PLAINTIFF has suffered the concrete injury of being deprived of her right to not receive communications from debt collectors that contain material misrepresentations, and she therefore has standing for the purposes of Article III.

41. Upon information and belief, LVNV controls, approves, supervises, and oversees RESURGENT'S collection activities.

42. Upon information and belief, there exists a principal-agent relationship between LVNV and RESURGENT respectively.

43. As such, LVNV is vicariously liable for RESURGENT'S FDCPA violations.

## SECOND CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e(11) BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASS TWO

44. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 43 inclusive, above.

45. In each communication subsequent to the initial communication with the consumer, a debt collector must disclose that the communication is from a debt collector.

46. On or about November 30, 2018, RESURGENT had its second communication with PLAINTIFF by mailing her a letter. Ex. 2.

47. The second letter does not contain a disclosure stating that the communication is from a debt collector.

48. By not disclosing this information, RESURGENT violated 15 U.S.C. § 1692e(11).

49. As a result of the FDCPA violations by RESURGENT, PLAINTIFF is entitled to an award of statutory damages.

50. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

51. PLAINTIFF has suffered the concrete injury of being deprived of her right to not receive communications from debt collectors that contain material misrepresentations, and she therefore has standing for the purposes of Article III.

52. Upon information and belief, LVNV controls, approves, supervises, and/or oversees RESURGENT'S collection activities.

53. RESURGENT acts on behalf of LVNV, such that there exists a principal-agent relationship between LVNV and RESURGENT, respectively.

54. As such, LVNV is vicariously liable for RESURGENT'S FDCPA violations.

### THIRD CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692g**
**BROUGHT BY PLAINTIFF INDIVIDUALLY**

55. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 54 inclusive, above.

56. On or about November 14, 2018, RESURGENT had its initial communication with PLAINTIFF by mailing her a letter. Ex. 1.

57. This letter does not contain the information contained in 15 U.S.C. § 1692g. *Id.*

58. DEFENDANT thereafter did not provide PLAINTIFF with a written notification containing information contained in 15 U.S.C. § 1692g.

59. By not providing PLAINTIFF with this information within five days of its initial communication with her, RESURGENT violated 15 U.S.C. § 1692g.

60. As a result of the FDCPA violations by RESURGENT, PLAINTIFF is entitled to an award of statutory damages.

61. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

62. PLAINTIFF has suffered the concrete injury of being deprived of her right to receive the information as required by statute, and she therefore has standing for the purposes of Article III.

63. Upon information and belief, LVNV controls, approves, supervises, and/or oversees RESURGENT'S collection activities.

64. RESURGENT acts on behalf of LVNV, such that there exists a principal-agent relationship between LVNV and RESURGENT, respectively.

65. As such, LVNV is vicariously liable for RESURGENT'S FDCPA violations.

## FOURTH CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692c(a)(2)
### BROUGHT BY PLAINTIFF INDIVIDUALLY

66. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 65 inclusive, above.

67. If a debt collector knows that a consumer is represented by an attorney, a debt collector may not communicate directly with the consumer. 15 U.S.C. § 1692c(a)(2).

68. On or about November 14, 2018, RESURGENT had its initial communication with PLAINTIFF by mailing her a letter. Ex. 1.

69. On or about November 30, 2018, RESURGENT had its second communication with PLAINTIFF. Ex. 2.

70. On or about December 17, 2018, the undersigned received two letters from DEFENDANT dated December 13, 2018.

71. Upon information and belief, when sending the November 14, 2018 and November 30, 2018 letters, RESURGENT knew that PLAINTIFF was represented by counsel, and knew PLAINTIFF's counsel's name and contact information.

72. By communicating with PLAINTIFF when it knew that PLAINTIFF was represented by counsel, and knowing counsel's name and contact information, RESURGENT violated 15 U.S.C. § 1692c(a)(2).

73. As a result of the FDCPA violations by RESURGENT, PLAINTIFF is entitled to an award of statutory damages.

74. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

75. PLAINTIFF has suffered the concrete injury of being deprived of her right to refrain from communicating directly with the debt collector after the collector knows that she's represented by counsel, and she therefore has standing for the purposes of Article III.

76. Upon information and belief, LVNV controls, approves, supervises, and/or oversees RESURGENT'S collection activities.

77. RESURGENT acts on behalf of LVNV, such that there exists a principal-agent relationship between LVNV and RESURGENT, respectively.

78. As such, LVNV is vicariously liable for RESURGENT'S FDCPA violations.

## DEMAND FOR JURY TRIAL

79. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF's favor, and that judgment be entered against DEFENDANTS for the following:

(1) For statutory damages awarded to PLAINTIFF, not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(2) For certification of the class;

(3) For statutory damages awarded to Class One, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of LVNV;

(4) For statutory damages awarded to Class Two, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of LVNV;

(5) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(6) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(7) For any and all other relief this Court may deem appropriate.

Dated: Rochester, New York.
January 16, 2019

Respectfully Submitted,

**DOUGLAS FIRM, P.C.**

/s/ Alexander J. Douglas

ALEXANDER J. DOUGLAS
New York Bar No. 5343892
36 West Main Street, Ste 500

11

Rochester, NY  14614
Tel: (585) 568-2224
Fax: (585) 546-6185
alex@lawroc.com

12